UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kyle Greene and Krystle Greene,                    File No. 25-cv-703 (ECT/ECW)

        Plaintiffs,

v.                                                 **OPINION AND ORDER**

Katherine   Simpson;   Celeste   Simpson;
Carmen  Simpson  Revocable  Trust;  Brian
Cross;  Larry  Jensen;  Thomton,  Sperry,
Jensen & Keithan, Ltd.; Jenny Adams; The
Shadow  Man;  Jensen  &  Cross,  Ltd.;  and
Brandi Schielfelbein,

        Defendants.

---

Kyle Greene and Krystal Greene, *pro se*.

Barry A. O'Neil and Nathan Zellmer Heffernan, Lommen Abdo, P.A., Minneapolis, MN,
for Defendants Katherine Simpson, Celeste Simpson, and Carmen Simpson Revocable
Trust.

Mark A. Bloomquist, Meagher & Geer, P.L.L.P., Minneapolis, MN, for Defendants Brian
Cross, Larry Jensen, and Jensen & Cross, Ltd.

Christopher A. Jensen, The Jensen Litigation Firm, PLLC, Shakopee, MN, for Defendants
Jenny Adams and The Shadow Man.

James R. Andreen, Erstad & Riemer, P.A., Minneapolis, MN, for Defendant Brandi
Schiefelbein.

---

       Plaintiffs Kyle and Krystle Greene brought this case pro se.  In their operative

Amended Complaint, they sued ten defendants.  The case seems to arise from what the

Greenes say are unlawful actions and proceedings that would result (or perhaps have

resulted) in their eviction from property they occupy (or occupied) and claim to own in

Meeker County, Minnesota. For relief, the Greenes seek title to the property, unspecified "[d]eclaratory and injunctive relief to be determined by a jury," the imposition of unspecified sanctions against all defendants, damages of $16,800, costs incurred in prosecuting this case, the disbarment of two attorney-defendants "for their active roles in the deprivation of rights of the disabled in violation of the Americans with Disabilities Act," and any "[o]ther relief this court deems just, proper and equitable." Am. Compl. [ECF No. 22] at 23–24 (following the "WHEREFORE" clause).

All but two defendants seek dismissal. The defendants who seek dismissal are attorney Brian Cross, attorney Larry Jensen, the law firm Jensen & Cross, Ltd., Jenny Adams, "Shadow Man," Katherine Simpson, Celeste Simpson, and the Carmen Simpson Revocable Trust. *See* ECF Nos. 4, 10, 24, 36. The two defendants who have not filed motions are the law firm Thomton, Sperry, Jensen & Keithahn, and the Meeker County Attorney, Brandi Schiefelbein. The Greenes claim to have served the Thomton law firm through their service on Mr. Cross. *See* ECF No. 3 at 4. Mr. Cross is with the law firm Jensen & Cross, Ltd. *See* ECF No. 40 at 1. As part of the motion to dismiss filed by Mr. Cross, Mr. Jensen, and Jensen & Cross, Ltd., they represent that Jensen & Cross was "formerly known as Thomton, Sperry, Jensen & Keithahn, Ltd." *Id.* True or not, the Thomton law firm's non-appearance makes no difference to the adjudication of any pending motion. County Attorney Schiefelbein says she has not been served, ECF No. 66 at 1–2, and nothing in the docket shows otherwise.

Among other grounds, the defendants who filed motions say there isn't subject-matter jurisdiction over this case. For reasons about to be explained, I agree. Defendants'

2

motions will be granted on this basis, two motions filed by the Greenes will be denied, and the case will be dismissed without prejudice.

A court reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) must first determine whether the movant is making a "facial" attack or a "factual" attack. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). Here, the moving defendants advance a facial attack because they accept the truth of the operative Amended Complaint's jurisdictional allegations. *Id.*

In analyzing a facial attack, a "court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). In analyzing a facial attack, a court also may consider "other materials necessarily embraced by the pleadings," as a court would in adjudicating a Rule 12(b)(6) motion. *Kuhns v. Scottrade*, 868 F.3d 711, 715 (8th Cir. 2017); *see Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Because the Greenes filed this case in federal court, it is their burden to show that subject-matter jurisdiction exists. *4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003) (recognizing that party invoking federal jurisdiction has burden to establish jurisdictional requirements); *Block v. United States*, No. 23-cv-127 (JRT/JFD), 2025 WL 2210886, at *3 (D. Minn. Aug. 4, 2025) ("The party seeking to invoke a federal court's subject matter jurisdiction bears the burden of showing

3

that the court has jurisdiction." (citing *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011))).

The Greenes claim to invoke subject-matter jurisdiction based on: (1) the presence of diversity of citizenship under 28 U.S.C. § 1332(a); (2) their assertion of a claim or claims arising under federal law, 28 U.S.C. § 1331; (3) the presence of supplemental jurisdiction under 28 U.S.C. § 1367; and (4) three Minnesota statutes, Minn. Stat. §§ 501C.0202, 501C.0605, and 501C.0706.  Am. Compl. at 2 ¶ 1.[1]  The Amended Complaint does not allege facts, claims, or legal theories that might show subject-matter jurisdiction's presence on any of these grounds.

The Amended Complaint does not allege facts plausibly showing diversity jurisdiction.  Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship between the adverse parties.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806).  The Greenes must therefore allege facts plausibly showing that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The Greenes allege they are Minnesota citizens.  Am. Compl. at 2 ¶¶ 3–4; *see Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 778 n.6 (8th Cir. 2014).  They properly allege that two defendants possess diverse citizenship.  Am. Compl. at 2 ¶ 5 (alleging that Katherine

---

[1]    In an opposition brief, the Greenes argue that the "court has jurisdiction under the Erie doctrine." ECF No. 54 at 9 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The Erie doctrine requires federal courts sitting in diversity cases "to apply state substantive and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  It affords no independent ground for subject-matter jurisdiction.

4

Simpson is an Illinois citizen); *id.* at 2 ¶ 6 (alleging that Celeste Simpson is a Colorado citizen).

The Greenes do not properly allege the citizenship of any defendant other than the Simpsons. They allege that Mr. Cross and Mr. Jensen work for law firms with business addresses in Minnesota, that Ms. Adams and a defendant the Greenes call "shadow man" were hired by at least one of those firms, and that Ms. Schiefelbein's business address is in Minnesota. *Id.* at 3 ¶¶ 8–14. These allegations are not sufficient to show these individuals' citizenship. The allegations show where these defendants work; they do not show where these defendants maintain their "permanent home." *Reece*, 760 F.3d at 778 (citation modified). And a business organization's citizenship is not determined merely by reference to the organization's "business address," which is all the Greenes allege. *See* Am. Compl. at 3 ¶¶ 10–11. If the business organization is a corporation, a plaintiff must allege the identity of the "State . . . by which it has been incorporated" and "the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). If the business organization is unincorporated, a plaintiff must allege the citizenship of all the organization's members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). The Amended Complaint does not meet these requirements. Regardless, all it takes is one non-diverse defendant to defeat diversity jurisdiction, and a public record establishes that the Jensen & Cross law firm is incorporated under Minnesota law, making it a Minnesota citizen. 28 U.S.C. § 1332(c)(1). ECF No. 7 at 2.[2] Diversity jurisdiction is not present here.

---

[2]    Of course, it seems highly probable that one or more of the defendants are Minnesota citizens. Each of the three lawyer-defendants is alleged to work in Litchfield,

Federal question jurisdiction exists when a plaintiff asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The question whether a claim arises under federal law must be determined by reference to the well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citation modified). Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). As the Eighth Circuit has explained, however, a federal district "court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (first citing *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974); then citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946), and then citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002)).

---

Minnesota. Am. Compl. at 3 ¶¶ 8, 9, 14. Litchfield is in south central Minnesota. It is not close to a neighboring state. It is difficult to imagine all three are citizens of some state other than Minnesota, especially considering one of them—Ms. Schiefelbein—serves as an elected County Attorney in Minnesota.

Liberally construed, the Amended Complaint here asserts seven causes of action. *See* Am. Compl. at 11–23. Three of these—a claim under Minnesota's homestead exemption, a claim for burglary and trespassing, and a claim for abuse of process—arise exclusively under Minnesota law. *See id.* at 12–18. The Greenes cite only Minnesota statutes and cases to support these claims. They do not arise under federal law. Nor does the Greenes' reliance on other Minnesota statutes cited elsewhere in the Amended Complaint—including Minn. Stat. §§ 501C.0202, 501C.0605, and 501C.0706, which the Amended Complaint cites specifically as grounds for subject-matter jurisdiction, Am. Compl. at 2 ¶ 1—show that the case arises under federal law. Whatever they say, Minnesota statutes cannot by themselves create federal subject-matter jurisdiction.

The remaining four claims include references to federal law, but none creates a federal question that is substantial in the relevant sense. The Greenes refer to the federal Constitution's Full Faith and Credit Clause. Neither the Clause nor its implementing Act, 28 U.S.C. § 1738, creates a private right of action. *See Blake v. FBI*, No. 18-5069, 2018 WL 3520407, at *1 (D.C. Cir. July 9, 2018) (per curiam); *Williams v. Clark Cnty. Pub. Adm'r*, 487 F. App'x 413, 414 (9th Cir. 2012). Regardless, the Amended Complaint in no way describes how the Clause might conceivably have been violated by any defendant.

The Greenes assert what they describe as an "Equal Protection" claim against County Attorney Schiefelbein for "refus[ing] to approve a complaint." Am. Compl. at 19. To support the claim, the Amended Complaint cites Minnesota statutes describing the duties and powers of county attorneys. Am. Compl. at 18–19; *see* Minn. Stat. § 388.051, subdiv. 1(3); Minn. R. Crim. P. 2.02; Minn. Stat. § 484.87; Minn. Stat. § 8.01; Minn. Stat.

7

§ 8.03. As best as I can tell, the Greenes believe a letter Kyle Greene sent to County Attorney Schiefelbein constitutes a criminal complaint under Minnesota Rule of Criminal Procedure 2, and they claim her failure to investigate the letter's allegations was a dereliction of duty. The Amended Complaint nowhere tethers these allegations to an equal-protection claim's core concept—*i.e.*, that the Greenes were treated differently from some similarly-situated comparator. The Amended Complaint quotes an Eighth Circuit case addressing a different idea—that a federal district court may exercise its "supervisory power [to] authorize an individual to appear before a [federal] grand jury if it feels that the circumstances require." *In re Application of Wood*, 833 F.2d 113, 116 (8th Cir. 1987). That idea has nothing to do with equal protection. This theory raises no substantial federal question.

The Amended Complaint's conspiracy claim includes quotations from two federal cases. The first case, *Adickes v. S.H. Kress & Co.*, involved a § 1983 claim based on allegations that the plaintiff "was refused service . . . because of a state-enforced custom requiring racial segregation in [Mississippi] restaurants." 398 U.S. 144, 148 (1970). In the other, *Myers v. County of Orange*, the Second Circuit held that "a policy by [a district attorney's] office favoring an initial complainant over a later one without giving primary regard to the particular facts involved in the case violates the Equal Protection Clause of the Fourteenth Amendment." 157 F.3d 66, 69 (2d Cir. 1998). The only factual allegation made to support this claim is that "Meeker County's *policy* and *custom* is that property may be transferred from one party to another without just compensation, without a court order, or, against a court order, simply because the County Attorney says so." Am. Compl. at 21

8

(footnote omitted).  There is no discernable relationship between this allegation and the cited cases.  There is no discernable connection alleged between a federal-law violation, § 1983, and an identifiable conspiracy.  The conspiracy claim raises no substantial federal question.

The Amended Complaint cites almost exclusively Minnesota authorities to support the "sanctions" cause of action.  *See* Am. Compl. at 22–23.  The only federal authority cited to support the claim is an Eighth Circuit case affirming an award of Rule 11 sanctions, *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006).  If the Amended Complaint means to rely on Rule 11 as the basis for federal-question jurisdiction, that won't work.  Rule 11 provides no independent cause of action.  *See Ivchencko v. Global MRV, Inc.*, No. CV 11-4247(SJF)(GRB), 2013 WL 685379, at *12 n.4 (E.D.N.Y. Feb. 4, 2013); *Grace v. Everhome Mortg. Co.*, No. 3:13-CV-4563-B, 2014 WL 11515581, at *6 (N.D. Tex. June 16, 2014).  And it is difficult to understand how a request for sanctions under a rule intended to govern conduct during federal-court litigation—*i.e.*, after the case is commenced and a court's jurisdiction is established—might independently raise a substantial, jurisdiction-triggering federal question.

One might fairly ask whether the Amended Complaint's legal and factual shortcomings really raise a subject-matter jurisdiction problem as distinct from a merits (or Rule 12(b)(6)) problem.  The better answer is these flaws show the absence of subject-matter jurisdiction.  The bottom line is that the Amended Complaint's federal claims—to the extent the Greenes intend to assert them—are not merely implausible; they are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly

insubstantial, obviously frivolous, [and] plainly unsubstantial." *Hagans*, 415 U.S. at 536–37 (quotations omitted). Several cases from this District support this conclusion. *See, e.g.*, *Grangruth v. City of Scanlon*, No. 19-cv-2878 (PJS/LIB), 2020 WL 6151632, at *8 (D. Minn. Sep. 23, 2020) (recognizing that "unexplained references and conclusory assertions are insufficient to establish a federal basis for Plaintiff's claims") (citations omitted), *report and recommendation adopted*, 2020 WL 6151101 (D. Minn. Oct. 20, 2020); *Thomas v. Federated Mut.*, No. 18-cv-3491 (JRT/BRT), 2020 WL 1041702, at *2 (D. Minn. Mar. 4, 2020) ("Although Thomas' Amended Complaint cites several federal statutes, it does not articulate how her claims are related to those statutes, and a mere recitation of the United States Code cannot give rise to a federal question. Furthermore, the federal statutes that Thomas argues create federal-question jurisdiction . . . either do not include a private right of action or are otherwise inapplicable to the facts pleaded in this case."); *Briks v. Yeager*, No. 19-cv-1 (NEB/LIB), 2019 WL 2119560, at *2–3 (D. Minn. May 15, 2019) (accepting report and recommendation where complaint was "void of any factual allegations supporting a federal cause of action or relief dependent on federal law" and "raise[d] only state-law claims, and conclusory assertions that any violations 'arise under Federal law' or 'under the Constitution, laws, or treaties of the United States of America' simply fall short of establishing federal-question jurisdiction," and further denying request to amend because the proposed amendment was a "vaguely asserted equal protection and due process claim" and did not allege that defendants were

state actors as required for such claims, so amendment was futile), *aff'd*, 789 F. App'x 562 (8th Cir. 2020) (per curiam).[3]

The Amended Complaint correctly implies that federal courts have supplemental jurisdiction over state-law claims that are part of the same case or controversy as the federal claims. 28 U.S.C. § 1367(a); *see Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) ("Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997))). Of course, a prerequisite to finding supplemental jurisdiction is a case or controversy over which the federal courts have subject-matter jurisdiction. We don't have that here.[4]

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Motions to Dismiss filed by Defendants Brian Cross, Larry Jensen, and Jensen & Cross, Ltd. [ECF Nos. 4, 36] are **GRANTED**.

---

[3] If it weren't proper to dismiss the Greenes' federal claims on subject-matter-jurisdiction grounds, the claims plainly would fail on their merits under Rule 12(b)(6) for essentially the same reasons that warranted their jurisdictional dismissal under Rule 12(b)(1). In that situation, the result would be the same—I would decline to exercise supplemental jurisdiction over the state claims because this case is in its earliest stages. 28 U.S.C. § 1367(c); *see Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).

[4] Because there is no proof County Attorney Schiefelbein has been served, the Greenes' motion seeking sanctions arising from the County Attorney's supposed failure to appear in this case will be denied. The Greenes' Second Motion to Take Judicial Notice will be denied because it is mooted by the case's dismissal.

2.      The Motion to Dismiss filed by Defendants Jenny Adams and "Shadow Man" [ECF No. 10] is **GRANTED**.

3.      The Motion to Dismiss filed by Defendants Katherine Simpson, Celeste Simpson, and the Carmen Simpson Revocable Trust [ECF No. 24] is **GRANTED**.

4.      Plaintiffs' Motion for Sanctions [ECF No. 64] is **DENIED**.

5.      This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

6.      Plaintiffs' Second Motion to Take Judicial Notice [ECF No. 45] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 25, 2025                              s/ Eric C. Tostrud
                                                    Eric C. Tostrud
                                                    United States District Court